# CASES

IN THE

# SUPREME JUDICIAL COURT,

IN THE

COUNTY OF HANCOCK, JUNE TERM, 1836.

---

## BLUEHILL ACADEMY *vs.* ANDREW WITHAM.[*]

Where the defendant and others subscribed a fund towards the support of an academy, with an understanding among themselves, that they should be repaid, when there were sufficient funds for that purpose; and this fund was appropriated by them to the erection of a building for an academy; and afterwards an academy was incorporated and the building was conveyed to the corporation without any stipulation, that they should pay for the building; the corporation made use of the building for many years, and during the time divided a sum among the original subscribers; the corporation afterwards sold the building and appropriated the proceeds of the sale to the erection of a new building. *It was held,* that the defendant could not recover of the corporation any sum for rent of the building, or for the proceeds of such sale.

THE case came before the Court on a statement of facts. The action was *assumpsit* on a note of hand for money lent, which was part of the proceeds of the sale of half a township of land granted to the plaintiffs by the Commonwealth of *Massachusetts*, to which the defendant claims to have an offset by reason of certain claims by him made for certain sums of money advanced by him, as one of the original subscribers for fourteen shares of one hundred shares taken in the getting up of said academy ; and for rent of the original building of the academy ; and for his proportion of the amount for which said original building sold in 1832, at the time a new academy was erected. And it was agreed by the parties, that in 1802, several individuals being desirous of establishing an academy, made an agreement in writing, that each

---

[*] Emery J., having been detained in the trial of jury cases in the County of Washington, did not attend at this term.

should pay his proportion according to the shares he subscribed in erecting a building and supporting an academy for the term of ten years ; and that the defendant subscribed for fourteen shares ; and that it was understood by the parties to that agreement, that when the funds of the academy should be more than sufficient to support it, the surplus should be applied to liquidate the advances that might be made to the parties of that agreement ; and that the subscribers were incorporated *March* 8, 1803, by the name of " *Bluehill Academy*" ; and that the defendant has paid all assessments made on his shares ; and that the funds of the academy that were on hand in 1832, previous to the erecting a new building, were about twelve hundred dollars, which sum was appropriated to the expense of the new building, and was not sufficient to defray the expenses thereof by the sum of about four hundred dollars.    That the lot of land on which the academy, both the original and present one, was erected, was conveyed by *Theodore Stevens* to the trustees of *Bluehill Academy*.    It is also admitted that it was generally understood by the original subscribers, that the old academy erected by them would remain their property, after the ten years had expired during which they were to support the institution ; and that the plaintiffs in two instances received deeds of release of the shares taken by original subscribers ; that the old academy was occupied for the purpose for which it was erected until the year 1832 ; and that many of the original subscribers, and especially the defendant, were opposed to the sale of said old academy ; that the defendant has received no pay for the use of said building, or from the proceeds of the sale of it, or from any funds of the academy, except his proportion of $200, that was divided among the original subscribers in *May*, 1815.    It was further admitted, that during one quarter the plaintiffs allowed the original subscribers to send scholars to the academy free of tuition ; and that the shares of the original subscribers were bought and sold and conveyed by deed, and understood to be valuable, as private property.

*W. Abbott & Pond*, for the plaintiffs.

The action is on a note given for money lent by the corporation to the defendant, which was not contributed in any part by him, having been received from the bounty of the State.    To this

note the defendant sets up, as a sett-off, certain demands, which he claims to have, as one of the gentlemen, who aided in contributing funds before the corporation existed, to obtain a charter for it, and for encouragement in the infancy of the institution. The funds were invested in a schoolhouse which was afterwards conveyed to the academy. Whatever understanding there might have been among the subscribers, the plaintiffs were not parties to it. It requires as much evidence to support the offset, as it would to support an action. The sale of the old building can give the defendant no claim, for it belonged to the plaintiffs, and the money for which it sold belongs to them. The case, *Limerick Academy* v. *Davis,* 11 *Mass. R.* 113, is decisive in our favour. In accordance with it is 1 *Dane,* 157.

*Hathaway,* for the defendants, contended, that the orginal subscribers agreed to support the academy for ten years, with the understanding that the sums paid by them should be returned, when the academy had funds for that purpose. They had such funds, but appropriated them towards building a new academy against the will of the defendant. The old building was the property of the subscribers and the defendant is entitled to his share of rent, after the ten years had expired, and to his share of the proceeds of the sale of the old building. This understanding was recognized by the trustees by their permitting the children of the subscribers to go to the academy free from payment of tuition, and by dividing among them the $200,00. The trustees of the academy have assumed the responsibility of performing the duties of original subscribers, and have made themselves liable to repay the sums advanced by the defendant, and he is entitled to a set-off of the amount against the note.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — The amount of the note, for which this action is brought, is due to the plaintiffs, unless the defendant is entitled to the offset, upon which he relies. Neither the subscription paper, nor the act of incorporation which followed, is evidence of any contract, on the part of the plaintiffs. The understanding among the subscribers, was not binding upon the trustees, after the incorporation. Nor did the engagement itself, of the persons

associated, bind them to the corporation, for want of mutuality, according to the case of *Limerick Academy* v. *Davis*, 11 *Mass. R.* 113, cited in the argument. If the associates had intended to confer upon the plaintiffs only the use of their building for ten years, they should have taken care that it should not have been conveyed to them for a longer period.

But the owner of the land, upon which the building stood, conveyed it to them in fee, so long as the land was wanted for the purposes of an academy. There was no reservation whatever of any interest in the building, in behalf of the associates. The conveyance may be presumed to have been made with their consent and procurement; and carried with it the academy, which was attached to and formed part of the freehold. It became therefore by law the property of the plaintiffs; notwithstanding there may have been an understanding among the associates individually, that it would remain their property.

The limitation of ten years in the subscription paper, very clearly applies to the engagement of the associates, to support a preceptor for that period, which cannot by any fair construction be extended to the building. While that was found adequate to the purpose, for which it was erected, it was used accordingly; and when it became necessary to rebuild, it was sold for the most it would bring, and the proceeds applied, as far as they would go, to the new erection. All this is to be regarded, as in furtherance of the general objects of the associates. If they proposed to themselves a further private benefit from the first building, they should have taken care to secure it, either by a reservation in the conveyance of the land, or by a direct and express contract with the plaintiffs. In the opinion of the court, the offset is not sustained, and the plaintiffs are entitled to judgment.